Filed 6/1/21 Poblete v. Specialized Loan Servicing CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| BENJAMIN POBLETE et al., | C082815 |
| Plaintiffs and Appellants, | (Super. Ct. No. SCV0036635) |
| v. | |
| SPECIALIZED LOAN SERVICING LLC et al., | |
| Defendants and Respondents. | |

In August 2006, plaintiffs Benjamin and Inocencia Poblete entered into a refinance agreement with Countrywide Home Loans (Countrywide) for $564,750 secured by a deed of trust on their home. Bank of America, N.A. (Bank of America) serviced the loan until May 2012 when it transferred the servicing rights to defendant Specialized Loan Servicing (Specialized). Bank of New York was the trustee of the investment trust that owned the loan. Plaintiffs eventually defaulted on the loan. They filed suit against Bank of America, Specialized Loan Servicing, and Bank of New York for negligence and intentional and negligent misrepresentation. The trial court sustained Bank of America's demurrer without leave to amend and granted Specialized and Bank of New York's

1

motion for judgment on the pleadings.  Plaintiffs appeal, arguing they sufficiently pleaded their negligence cause of action and the trial court erred in denying leave to amend.[1]  We shall affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs entered into a refinance agreement with Countrywide in 2006. Countrywide lent them $564,750 secured by a deed of trust.  Bank of America serviced the loan for the owner of the loan, Bank of New York until May 2012, when Bank of America transferred the servicing rights to Specialized.

According to plaintiffs, in October 2009, Bank of America informed them of their possible eligibility for a Home Affordable Modification Program (HAMP) loan modification.  Bank of America instructed plaintiffs to make three trial period payments and to submit information to qualify for a permanent loan modification.  Plaintiffs made thirteen trial payments.  However, Bank of America never offered them a permanent HAMP modification.  While plaintiffs made these payments, Bank of America proceeded with foreclosure proceedings.

In May 2012, Specialized began servicing the loan.  Specialized offered no explanation as to why plaintiffs never received a final HAMP modification after completing the trial period plan between 2009 and 2010.  Plaintiffs allege that while Specialized was aware they qualified for HAMP, they never asked plaintiffs to submit another application for a loan modification.

In July 2015, plaintiffs filed a complaint against Bank of America, Specialized, and Bank of New York alleging negligence in connection with their loan modification request.  Bank of America, Specialized, and Bank of New York demurred to the

---

[1] Bank of America and plaintiffs filed a stipulation to dismiss the appeal in a related case, case No. C081665 on October 2, 2018, which we granted.

complaint. The day before the hearing on the demurrer, plaintiffs filed a first amended complaint, reasserting their negligence cause of action and adding a claim for intentional and negligent misrepresentation.

As to Bank of America, plaintiffs alleged that: (1) in October 2009, Bank of America told them they might be eligible for HAMP; (2) plaintiffs submitted information for the HAMP and were instructed to make three trial period payments; and (3) Bank of America never sent a denial letter or offered them a loan modification. Plaintiffs also alleged Bank of America was responsible for the negligence and negligent misrepresentations of Specialized, which was acting as Bank of America's agent.

The trial court sustained Bank of America's demurrer without leave to amend to both the negligence and misrepresentation claims. The court held that plaintiffs failed to allege Bank of America owed them a duty of care and did not sufficiently allege causation for a misrepresentation claim. The trial court entered judgment.

As to Specialized, plaintiffs alleged that Specialized failed to explain why Bank of America did not offer them a permanent loan modification in 2009-2010 and failed to solicit a new loan modification application from them after the servicing transfer. Bank of New York's involvement consisted of its role as the principal for which Specialized acted as agent.

Specialized and Bank of New York filed a motion for judgment on the pleadings. The trial court granted the motion. The court found plaintiffs' first cause of action for negligence and second cause of action for negligent or intentional misrepresentation both failed to state a valid claim.[2] The court entered judgment.

Plaintiffs filed a timely notice of appeal.

---

[2] Plaintiffs do not "for the purposes of this appeal, argue that their negligent misrepresentation claim was sufficiently pleaded."

# DISCUSSION

## *Standard of Review*

A motion for judgment on the pleadings may be granted when the complaint does not state sufficient facts to constitute a cause of action. (Code of Civ. Proc., § 438, subd. (c)(1)(B)(ii).) It is similar to a demurrer, but brought after the time for filing a demurrer has expired. (Code of Civ. Proc., § 438, subd. (f)(2).)

We apply the de novo standard of review. (*International Assn. of Firefighters, Local 230 v. City of San Jose* (2011) 195 Cal.App.4th 1179, 1196.) We deem all alleged facts to be true and we give the pleading a reasonable interpretation by reading it as a whole, liberally construing the pleading with a view to attaining substantial justice. (*Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 602.)

We assume the truth of all facts properly pleaded in the complaint or reasonably inferred from the pleading. We do not assume the truth of mere contentions, deductions, or conclusions of law. (*Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 751.) In addition, we consider facts of which the trial court properly took notice. (*Ibid.*) Finally, we determine if those facts are sufficient, as a matter of law, to state a cause of action under any legal theory. To prevail on appeal, a plaintiff must demonstrate error by showing the properly pleaded facts are sufficient to establish each element of a cause of action and to overcome all legal grounds of objection whether or not raised in the trial court. (*Id.* at p. 752.)

We review the trial court's denial of leave to amend for abuse of discretion. (*Vaca v. Wachovia Mortgage Corp.* (2011) 198 Cal.App.4th 737, 743.) The plaintiff must show how the complaint can be amended and how amendment will change the legal effect of the pleading. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)

4

## *Negligence*

To prevail on a negligence claim, a plaintiff must plead and prove the defendants owed them a legal duty, that the defendants breached the duty, and that the breach was a proximate or legal cause of the plaintiff's injuries. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 477.) Plaintiffs allege Specialized acted negligently in failing to explain why Bank of America did not offer them a permanent loan modification in 2009-2010 and failed to solicit a loan modification application following the servicing transfer.

The trial court rejected these claims. The court found: "Plaintiffs fail to allege facts demonstrating that [Specialized] exceeded its role as a financial institution in this instance. Moreover, the allegation that plaintiffs suffered harm by not being provided the opportunity to avail themselves of this loss mitigation option is directly contradicted by the subsequent allegation that plaintiffs did in fact apply for a loan modification."

In response, plaintiffs maintain: "A new servicer has the responsibility to at least look at the file of the prior servicer and pick up where it left off. Many loan [*sic*] these days go through multiple servicers and if necessary to state a cause of action to so allege than leave to amend is requested. A prior servicer could have actually granted a full loan modification in writing and the next day transferred the loan to a new servicer who ignores the prior servicer's agreement. Certainly when a prior servicer has initiated foreclosure by recording a Notice of Default where has it ever been heard that the new servicer ignores the prior Notice of Default and file a new Notice of Default. The new servicer always take over the 90 day Notice of Default period from when it was issued from the prior servicer. The new servicer is quick to look at the file to follow up and enforce a pending Notice of Default but what about a duty to look at the file to see what the status was of a modification application and complete it if it was pending or should have been issued? A new servicer cannot or should not be allowed [*sic*] ignore what the prior servicer promised. As such they owed a duty to [plaintiffs] to complete the promise made by Bank of America."

5

Plaintiffs' argument is both confusing and lacking in either factual or legal support. Their first amended complaint sets forth no facts supporting their claim that Specialized breached a duty to them. Plaintiffs claim Specialized, which became the loan servicer in 2012, failed to explain Bank of America's failure to offer a loan modification in 2009-2010. The complaint does not state that plaintiffs requested the information or that Specialized knew the reason for Bank of America's decision not to offer a permanent loan modification two years before. There was no breach of duty.

Plaintiffs also contend Specialized failed to solicit a loan modification from them after the servicing transfer. However, as the trial court noted, plaintiffs did, in fact, subsequently apply for a loan modification. Again, we find no breach of duty.

Nor does the complaint set forth facts showing causation or damages as a result of the alleged breaches of duty. The complaint does not state what plaintiffs would have done differently had Specialized explained why Bank of America did not offer them a permanent loan modification two years earlier. Nor does the complaint allege how plaintiffs would have benefited had Specialized offered them a new loan modification. Instead, as noted, the complaint states that plaintiffs submitted a new loan modification.

In a brief aside, plaintiffs argue our opinion in *Rossetta v. CitiMortgage, Inc.* (2017) 18 Cal.App.5th 628 (*Rossetta*) is applicable to Specialized "since they took over for Bank of America. [Specialized] had a duty to complete what Bank of America promised to do."

In *Rossetta*, we held that a lender may owe a duty when it "voluntarily undertake[s] to renegotiate a loan" because "the lender usually has greater bargaining power and fewer incentives to exercise care." (*Rossetta, supra*, 18 Cal.App.5th at p. 640.) The lender in *Rosetta* refused to consider a loan modification application until the borrower was three months delinquent, and the new lender directed the borrower's behavior in a way that exceeded the role of a conventional lender, including repeatedly

6

requesting submission of the same documents and insisting that the borrower submit nonexistent documents. (*Id.* at pp. 634, 641.)

However, plaintiffs do not allege a similar improper handling of a modification negotiation on the part of Specialized. Instead, the complaint contains a single assertion: "Recently the plaintiffs did submit an application for a loan modification but were told by [Specialized] that they did not send in all the required documentation. This was false because the plaintiffs did send in all of the required documentation." *Rossetta* provides no support for imposing a duty based on one discrete claim and we find no breach of duty on the part of Specialized.[3]

Finally, plaintiffs argue the trial court abused its discretion in denying them leave to file a second amended complaint. In denying leave to amend, the trial court found: "The first amended complaint does not suggest on its face that it is capable of amendment and plaintiffs have failed to make any showing that the first amended complaint can be amended to change its legal effect."

On appeal, plaintiffs fail to establish that there is a reasonable possibility that the defects identified above can be cured by amendment. Accordingly, the trial court acted within its discretion in denying leave to amend. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

---

[3] The majority view among courts nationally appears to be that there is no tort duty of care during a mortgage loan modification negotiation. (2 Madison et al., Law of Real Estate Financing (2020) Subprime Loans, § 14:13.) The issue is before our Supreme Court in *Sheen v. Wells Fargo Bank, N.A.* (2019) 38 Cal.App.5th 346, review granted November 13, 2019, S258019. Even assuming a duty of care might hypothetically exist, this single assertion is insufficient to allege a breach of duty.

## DISPOSITION

The judgment is affirmed.  Specialized and Bank of New York shall recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/s/
RAYE, P. J.

We concur:

/s/
ROBIE, J.

/s/
HOCH, J.

8